IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-_____

GARY CHANEY, on behalf of himself and all others similarly situated

Plaintiff,

v.

POWDR – COPPER MOUNTAIN LLC

Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as well as D.C.COLO.LCivR.81.1, Defendant Powdr – Copper Mountain LLC ("Copper Mountain") respectfully removes this civil action from the District Court for Summit County, Colorado to the United States District Court for the District of Colorado. As grounds for removal, Copper Mountain states as follows:

**A.    The Removed Case.**

1.    Copper Mountain is a defendant in a civil action pending in the District Court for Summit County, Colorado, which is styled as G*ary Chaney, on behalf of himself and all others similarly situated v. Powdr – Copper Mountain LLC,* Case No. 2025CV30093 (the "State Action"). *See* **Ex. C**, Compl.

2.    On or about May 12, 2025, Plaintiff filed a civil action on behalf of himself and all others similarly situated against Copper Mountain, a Delaware limited liability company, in the

4903-1827-6170.1

District Court for Summit County, Colorado, Case Number 2025CV30093 (the "State Court Action"). *See id.*

3. In the Complaint, Plaintiff generally alleges that Copper Mountain engaged in false advertising and deceptive trade practices in the sale of goods to tens of thousands of consumers at Copper Mountain's Copper Mountain Resort. *Id.* at ¶¶ 44-49. According to the Complaint, Copper Mountain induces consumers into purchasing goods and services by falsely advertising those goods and services at lower prices than what is charged at the register, deceiving consumers, including Plaintiff, into paying more than the advertised price for sale. *Id.* at ¶¶ 50-87. Based on these allegations, Plaintiff, on behalf of himself and all other actual and potential consumers of Copper Mountain's food, beverage, and retail outlets totaling "well in excess of 10,000 people," asserted claims against Copper Mountain for violation of the Colorado Consumer Protection Act. *Id.* at ¶¶ 95-105. Plaintiff also asserted a claim on behalf of himself and against Copper Mountain for breach of contract. *Id.* at ¶¶ 88-94. Plaintiff seeks monetary damages, statutory penalties, injunctive relief, and attorney fees and costs. *Id.* at 36, Demand for Relief.

4. Pursuant to 28 U.S.C. § 1446(a), a complete copy of the file from the State Action is attached hereto. Specifically, a current docket sheet from the State Action is attached as **Exhibit A**. A copy of all process, pleadings, and orders in the State Action are attached as **Exhibits B-J**, respectively. No other documents have been filed or issued in the State Action to date.

5. Pursuant to D.C.COLO.LCivR.81.1(b) and (c), Copper Mountain states that there are no pending motions or petitions in the State Action to be filed separately, and there are no pending hearings in the State Action.

2

4903-1827-6170.1

B.     **The Removal is Timely.**

6.     Plaintiff served Copper Mountain with the summons and a copy of his Complaint in the State Action on May 16, 2025.  *See* **Ex. H**, Affidavit of Service.

7.     Therefore, this Notice of Removal is timely filed because it is filed within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-56 (1999) (holding that that the deadline for removal does not begin to run until the defendant receives formal service of a summons and complaint); *Jenkins v. MTGLQ Inv'rs*, 218 Fed. Appx. 719, 724 (10th Cir. 2007); *Alpine Bank v. Hubbell*, No. 05-CV-00026-EWN-PAC, 2005 WL 8172199, at *2 (D. Colo. Aug. 5, 2005) ("Pursuant to *Murphy*, the statutory period [for removal] began when Defendants received a copy of the complaint, after being properly served.").

C.     **The Procedural Requirements for Removal Are Satisfied.**

8.     This Notice of Removal is properly before this Court pursuant to 28 U.S.C. § 1446(a).

9.     Copper Mountain —the party seeking removal—is the sole defendant in this action.

10.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[], may be removed by the defendant … to the district of the United States for the district and division embracing the place where such action is pending."

11.    The United States District Court for the District of Colorado is the proper division to which this matter should be assigned because it is the United States District Court embracing

the District Court of Summit County, Colorado, where Plaintiff initiated the State Action. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 85 ("Colorado constitutes one judicial district.").

12. Promptly after filing this Notice of Removal, Copper Mountain will provide written notice of the removal to Plaintiff and the Clerk of the District Court for Summit County, Colorado, as required by 28 U.S.C. § 1446(d).

**D.     This Court Has Subject Matter Jurisdiction.**

13. Copper Mountain's basis for removal of the State Action is the Class Action Fairness Act, 28 U.S.C. § 1332(d), which "confer[s] federal jurisdiction over class actions involving at least 100 members and over $5 million in controversy when minimal diversity (between any defendant and any plaintiff member) is met." *Dutcher v.* Matheson, 733 F.3d 980, 989 (10th Cir. 2013) (internal quotations and citation omitted).

14. To meet the jurisdictional requirements for removal under the Class Action Fairness Act, Copper Mountain must establish that the matter in controversy exceeds the sum or value of $5,000,000 and is a class action involving at least 100 members in which any member of a class of plaintiffs is a citizen of a State different from any defendant (i.e., minimal diversity). *See* 28 U.S.C. § 1441; *see also* 28 U.S.C. § 1332(d)(2); *Dutcher*, 733 F.3d at 989. As discussed below, each requirement is easily satisfied here.

15. As alleged in his Complaint, Plaintiff is a citizen of Colorado. *See* Ex. C, Compl. at ¶ 4.

16. Copper Mountain, on the other hand, is, and was at the time Plaintiff commenced the State Action, a limited liability company organized under the laws of Delaware with its principal place office mailing address in Utah and principal office address in Colorado. *See, e.g.*,

4

**Exhibit K**, Declaration of M. Covey Morris, at ¶ 3 (June 13, 2025) (affirming that Copper Mountain is a Delaware limited liability company with its principal office mailing address in Utah and principal office address in Colorado).

17. "The citizenship of an LLC and other unincorporated association is determined not by its state of organization or principal place of business, but by the citizenship of all of its members." *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1245 (D. Colo. 2021) (citation omitted); 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of its state of incorporation and of its principal place of business).

18. Copper Mountain's sole member is Powdr Corp. Ex. K at ¶ 3. Powdr Corp. is a corporation organized under the laws of Delaware with its principal place of business in Utah. *Id.* (affirming that Powdr Corp. is a Delaware corporation with its principal place of business in Utah). Thus, Copper Mountain is a citizen of Delaware and Utah for the purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

19. Because Plaintiff is a citizen of Colorado, and Copper Mountain is a citizen of Delaware and Utah, the minimal diversity requirement under the Class Action Fairness Act is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

20. In addition, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d). Plaintiff alleges he paid approximately $5.68 in surcharges and also seeks attorney fees and costs. *See* Ex. C, at ¶¶ 22, 27, 36, 43, 51-63, 104. Plaintiff further alleges that the putative class members have suffered the same injuries and that Plaintiff's claims are typical of the putative class. *Id.*, ¶ 85. The total amount of resort surcharge fees at issue in this class action that were assessed by the retail outlets and food

and beverage outlets at Copper Mountain's Copper Mountain Resort, from May 13, 2022 to May 12, 2025, is $5,506,252. Ex. K, at ¶¶ 5 & 7.

21. Furthermore, the class size, as pled by Plaintiff, far exceeds the required 100 members. According to the Complaint, the putative class includes the actual and potential consumers of Copper Mountain's food and retail outlets (Ex. C, at ¶ 3), and that the class size far exceeds 10,000 people. *Id.*, ¶ 83; *see also id.*, ¶¶ 49, 75 (alleging that tens of thousands of consumers, if not more, make purchases from Cooper Mountain each year); *id.*, ¶ 40 (alleging that thousands of families visit the resort during the spring break period alone); *id.* ¶ 10 (alleging that Copper Mountain is one of the largest and busiest ski resorts in the United States, which hosts hundreds of thousands, if not millions, of visitors each year).

22. Based on Plaintiffs' Complaint and the information provided with this Notice of Removal, Copper Mountain has satisfied all of the necessary requirements for removal under the Class Action Fairness Act. *See Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) ("To assess jurisdiction at the time of removal, a district court may rely on the allegations in the complaint and the information provided in the notice of removal."). Therefore, this Court has jurisdiction over this class action pursuant to the Class Action Fairness Act. *See* 28 U.S.C. §§ 1332 and 1441.

23. Lastly, the State Action is properly removed to this Court because the State Action is currently pending within the judicial district of Colorado. *See* 28 U.S.C. §§ 85, 1441(a).

24. As mentioned above, after filing this Notice of Removal, Copper Mountain will promptly serve a copy of this Notice of Removal on Plaintiff and file a copy with the Clerk of

Court for the District Court of Summit County, Colorado in accordance with 28 U.S.C. § 1446(d). *See also* Fed. R. Civ. P. 5(b).

WHEREFORE, Copper Mountain removes the State Action from the District Court for Summit County, Colorado to the United States District Court for the District of Colorado.

DATED: June 13, 2025.

                                            *s/Ellie Lockwood*
                                            Ellie Lockwood
                                            SNELL & WILMER L.L.P.
                                            675 15th Street, Suite 2500
                                            Denver, Colorado 80202
                                            Telephone: (303) 634-2000
                                            Facsimile: (303) 634-2020
                                            ***Attorneys for Defendant Powdr – Copper Mountain LLC.***

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2025, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was electronically filed via CM/ECF and on the following:

Mirko L. Kruse
HENNESSY KRUSE LLP
134 F Street, Suite 203
Salida, CO 81201
Telephone: (719) 563-4366
E-mail: mkruse@hennessykruse.com

Stephen H. Hennessy
HENNESSY KRUSE LLP
4450 Arapahoe Avenue, Suite 100
Boulder, CO 80303
Telephone: (303) 630-9169
E-mail: shennessy@hennessykruse.com

*Attorneys for Plaintiff and the Putative Class*

                                        *s/Sandy Braverman*
                                        for Snell & Wilmer L.L.P.

4903-1827-6170.1