# EXHIBIT C

<table>
<tr><td>

**DISTRICT COURT,**
**SUMMIT COUNTY, COLORADO**

501 N. Park Avenue
Breckenridge, CO 80424

</td><td>

DATE FILED
May 12, 2025 6:42 PM
FILING ID: 532F046443B3A
CASE NUMBER: 2025CV30093

</td></tr>
</table>

| | |
|---|---|
| Plaintiff:    **Gary Chaney, on behalf of himself and all others similarly situated**<br><br>v.<br><br>Defendant:  **Powdr – Copper Mountain LLC** | ▲   **Court Use Only**   ▲ |
| HENNESSY KRUSE LLP<br><br>Mirko L. Kruse, No. 52488<br>134 F Street Ste. 203<br>Salida, CO 81201<br>(719) 563-4366<br>mkruse@hennessykruse.com<br><br>Stephen H. Hennessy, No. 52676<br>4450 Arapahoe Ave. Ste. 100<br>Boulder, CO 80303<br>(303) 630-9169<br>shennessy@hennessykruse.com<br><br>*Counsel for Plaintiff and the Putative Class* | Case Number:<br><br>Division:<br><br>Courtroom: |

### CLASS ACTION COMPLAINT

Plaintiff Gary Chaney ("Plaintiff"), on behalf of himself and all others similarly situated (the "Putative Class"), through Counsel, respectfully pleads this Class Action Complaint against Defendant Powdr – Copper Mountain LLC ("POWDR"). This Class Action Complaint is pled based on the personal knowledge of Plaintiff, and a thorough and comprehensive investigation by Counsel for Plaintiff and the Putative Class.

### PRELIMINARY STATEMENT

Skiing and snowboarding have become increasingly expensive. But at POWDR's Copper Mountain Resort, they are even more expensive than it seems.

Come lunch time, the cafeteria menu at POWDR's mid-mountain lodge states a cheeseburger costs $22.00.  But that's not what it costs at the register.  It costs $23.98, plus tax.

POWDR has a practice of advertising goods and services at prices lower than what it charges at the register.  When the customer goes to pay, POWDR charges up to 9% more than the price advertised, plus 6.375% in tax.  This practice is deceptive and unlawful.

POWDR's 9% Copper Mountain Resort Surcharge is an additional revenue source POWDR assesses on its food, beverage, and retail sales to support its business operations. Although POWDR can use its revenue how it pleases, it cannot deceive consumers into believing they are paying less than the actual price of sale.  That practice is deceptive and anti-competitive. And it needs to stop.

## THE PARTIES

1.      POWDR is the owner and operator of Copper Mountain Resort and food, beverage, and retail outlets at and around the resort, including, but not limited to, Gear to Go, Copper Creek Golf Course, Copper Sports, T. Rex Grill, Flyers Soup Shack, The Copper Collection, JJs Rocky Mountain Tavern, Jack's Slopeside Grill & Bar, Grand Hall Market, Union Creek Food Court, Camp Hale Coffee House, Copper Mountain Athletic Club, Mountain Melt, Rocky Mountain Coaster, Woodward Copper, Ten Mile Tavern, Downhill Dukes, Starbucks, The Fix Tune Shop and Gear Check, Camp Hale Outfitters, Koko's Hut, Mammut Copper, Sawmill Pizza and Taphouse, Aerie, Forage & Feast, Sendy's Food Truck, and Conoco.

2.      POWDR is a Delaware Limited Liability Company with a principal office street address in unincorporated Summit County, Colorado and a principal office mailing address in Park City, Utah.  Upon information and belief, POWDR is an affiliate of Powdr Corp., although its precise membership, at this time, is not known.  Powdr Corp. is a Delaware Corporation with a principal place of business in Park City, Utah.

3.      The Putative Class comprises actual and potential consumers of POWDR's food, beverage, and retail outlets whom POWDR has subjected to, and continues to subject to, false advertising as to the price of its goods and services.[1]

4.      Plaintiff is an actual and potential consumer of POWDR's food, beverage, and retail outlets whom POWDR has subjected to, and continues to subject to, false advertising as to the price of its goods and services.  Plaintiff is domiciled in Adams County, Colorado.

---

[1] Excluded from the Putative Class is any judicial officer or attorney who presides over or represents a party in this matter, and his or her immediate family and staff, as well as POWDR and its parents, affiliates, and subsidiaries, and any of their owners, members, officers, directors, and employees.  Any proposed definition of the Putative Class may be amended before certification.

## JURISDICTION AND VENUE

5.      Plaintiff and the Putative Class incorporate the allegations stated above.

6.      This Court is a court of general jurisdiction.

7.      This Court has personal jurisdiction over POWDR because it operates the subject business in Colorado and engaged in deceptive trade practices in Colorado.

8.      Venue is proper in this District because POWDR operates the subject business in Summit County, Colorado, and POWDR engaged in deceptive trade practices in Summit County, Colorado.

## FACTUAL ALLEGATIONS

9.      Plaintiff and the Putative Class incorporate the allegations stated above.

10.     POWDR is the owner and operator of Copper Mountain Resort, one of the largest and busiest ski resorts in the United States.  POWDR's Copper Mountain Resort hosts hundreds of thousands, if not millions, of visitors each year.

11.     POWDR operates its Copper Mountain Resort on public lands comprising the White River National Forest.

12.     In addition to providing lift and operations services for its skiable terrain, POWDR advertises, sells, and provides lessons, rentals, lodging, food, dining, and retail services, and hosts winter and summer events and activities, including concerts, competitions, conferences, and weddings.

13.     Among POWDR's many food, beverage, and retail outlets it owns and operates at and around Copper Mountain Resort include Aerie, Camp Hale Coffee, Downhill Dukes, and the Conoco at the intersection of Interstate 70 and State Highway 91.

**Aerie Mid-Mountain Lodge**

14.     Aerie is a large, mid-mountain lodge located at the center of Copper Mountain Resort.  POWDR opened Aerie at the beginning of the 2023 ski season.  During peak season, thousands of people visit Aerie each day.

15.     Aerie features a large cafeteria.  The cafeteria includes a soup station, a sandwich station, a pizza station, a ramen station, and a grill station, as well as grab n'go items and a coffee shop, Camp Hale Coffee.

3

16.     At each station, menu boards and/or displays advertise to customers the prices
for each item they can purchase:

[Photographs on Proceeding Pages]

4

**Soup and Sandwich Station:**



**Pizza Station:**



**Ramen Station:**





## AERIE

## Ramen Station

GF noodle option available

**Pork Tonkotsu Shoyu Ramen   20**
Braised tender pork, pork bone broth, bok choy,
soft boiled egg, chili oil, scallions, *pickled daikon.*

**Veggie Miso Ramen   20**
Soy marinated tofu, miso broth, baby corn, bok choy,
soft boiled egg, chili oil, scallions, *pickled daikon*

**Rice Bowl   18**
Catsu chicken with choice of sauce and white or fried rice

**Seaweed and Cucumber Salad   13**
Edamame, carrot, soy-sesame vinaigrette

**Pork Potstickers   13**
Ginger teriyaki dipping sauce or dynamite sauce

**Veggie Spring Rolls   13**
Gginger teriyaki dipping sauce or dynamite sauce

**Crab Rangoon   13**
Ginger teriyaki dipping sauce or dynamite sauce

**Powdr Platter   17**
Pork Potstickers, Veggie Spring Rolls, Crab Rangoon
Ginger teriyaki dipping sauce or dynamite sauce

**Grill Station:**







### AERIE

## Griddled and Grilled

Served with our signature seasoned french fries
(GF) buns available upon request

**Beef Burger   20**
Grilled Colorado natural angus beef patty, crisp lettuce,
vine ripe tomato, red onion, b&b pickles, toasted brioche
Add sharp cheddar   2
Add applewood thick cut smoked bacon   5

**3 Bears HOT Crispy Chicken   22**
Marinated, hand breaded Red Bird chicken breast,
spiked butter sauce, creamy slaw, toasted brioche

**Black Bean Veggie Burger** (V)   **19**
Hatch chili gouda cheese, avocado crème,
crisp lettuce, vine ripe tomato,
red onion, b&b pickles, toasted brioche

**Grilled Cheese** (V)   **16**
Havarti and sharp cheddar on griddled thick Challah bread
Add Boar's Head smoked ham   4

**Seasoned Pub Style Fries** (V)   **9**

**Chili Cheese and Queso Fries   18**

**Homestyle Breaded Chicken Tenders   20**
Flash fried all white breast meat chicken tenders

**Kids' Meal   13**
Chicken Tenders | Mac n Cheese | Grilled Cheese
french fries or applesauce | milk or soda | baby carrots

11

**Camp Hale Coffee:**





### JOES

| | | | |
|---|---|---|---|
| OZO DRIP COFFEE | 4.00 | 4.50 | 5.00 |
| AMERICANO | 4.00 | 4.50 | 5.00 |
| ESPRESSO | 3.00 | 3.50 (DOUBLE) | |
| CAPPUCCINO | 4.75 | 5.25 | 5.75 |
| LATTE | 4.75 | 5.25 | 5.75 |
| CHAI TEA LATTE | 4.75 | 5.25 | 5.75 |
| MATCHA | 5.00 | 5.50 | 6.00 |
| MOCHA LATTE | 5.00 | 5.50 | 6.00 |
| WHITE MOCHA LATTE | 5.00 | 5.50 | 6.00 |
| CARAMEL MOCHA LATTE | 5.00 | 5.50 | 6.00 |
| HOT CHOCOLATE | 3.75 | 4.25 | 4.75 |
| APPLE CIDER | 3.75 | 4.25 | 4.75 |
| HOT TEA | 3.00 | 3.50 (DOUBLE) | |

ADD DAIRY FREE MILK - .75 ADDITIONAL          ADD FLAVOR SHOT - .75 EACH

17.     The menus at the Aerie cafeteria and Camp Hale Coffee do not mention POWDR's Copper Mountain Resort Surcharge.

18.     When a customer enters the Aerie cafeteria, he orders food from the advertised menu though a cafeteria attendant.  For example, at the grill station, POWDR offers to sell customers a hamburger for $20.00.  Customers can customize their orders.  As advertised, cheese costs $2.00 extra.  Bacon costs $5.00 extra.

19.     If the customer decides on the burger, he agrees to purchase it with the cafeteria attendant, who may inquire about customization, prepare the customized burger, and then hand the order to the customer.

20.     After the customer accepts his order from POWDR's cafeteria attendant, he typically places the item on a provided cafeteria tray, and thereafter, waits in, what may be a rather long line for the register, to pay for the items he previously agreed to purchase.

21.     At the register, POWDR's cashier enters into the register the items the customer previously agreed to purchase, and charges the customer a total that includes the advertised price, plus POWDR's Copper Mountain Resort Surcharge, plus sales tax.  The customer typically taps his credit card and proceeds to a table to consume his food and/or beverage.

22.     POWDR does not give the customer a receipt.  Receipts are available only upon request:

[Receipt on Proceeding Page]

14



## A E R I E

### Aerie Food Court

3045 A Road                February 13, 2025
Copper Mountain,                   12:40 PM
CO                                     Molly
80443
(970) 968-2318
https://www.coppercolorado.com
@CopperMtn

Ticket: Receipt #ftZN
Receipt: ftZN
Authorization: 01774Q

CAPITAL ONE
AID A0 00 00 00 04 10 10

FOR HERE

Burger/FF                          $20.00

Subtotal                           $20.00
Copper Mtn Resort Surcharge
(7%)                                $1.40
Summit Co & CO State Tax
(6.375%)                            $1.36

**Total**                          **$22.76**
Mastercard 2432 (Contactless)      $22.76

Now Hiring!
https://www.coppercolorado.com/culture
/jobs/employment-homepage

**Downhill Dukes**

23.    Downhill Dukes is POWDR's main outdoor bar and restaurant located in the Center Village base area of Copper Mountain Resort.  This central base area often hosts public events, including conferences and concerts.  Customers include skiers and snowboarders, as well as many other members of the public.  Customers can order from the bar, or be seated at a table by the host, and then waited on by one of POWDR's servers.

24.    On the menu at Downhill Dukes is a variety of drinks and American fare, such as pretzel bites, chili, salads, burgers, and bratwursts.  The menu notes that there are no split checks for parties of five or more and warns of allergies and the risks of eating undercooked meats.  The menu does not mention POWDR's Copper Mountain Resort Surcharge:

[Photographs on Proceeding Pages]



**WATER**

## MARGARITAS

**Spicy Thai Basil Margarita** ❄ — 14
Altos Plata tequila infused with cucumber, jalapeno, lime,
agave, Cointreau, Thai basil puree

**Snoop Dog** ❄ — 14
Altos reposado tequila, lime, agave, Cointreau, lime,
pinch of Maldon salt

**Mountain Margarita** — 14
Herradura blanco tequila, Cointreau, Ramchato coconut
lime, rosemary simple syrup

**Mezcal Paloma Situation** — 14
Vago Elote Mezcal, Aperol, lime, cinnamon syrup,
grapefruit soda, pinch of Maldon salt

## OLD FASHIONS

**New Dog, Old Tricks** ❄ — 15
Codigo Rosa Tequila, lime juice, Jalisco orange liqueur,
soda water

**Little Duke** — 14
Copper's hand selected Colorado straight bourbon whiskey,
agave, Angostura, Bordeaux cherry, orange peel

**Copper Dog** ❄ — 14
Copper Dog whiskey, Amaro Montenegro, agave, Angostura,
and orange bitters

**The Zoomies** — 14
Old Forester bourbon, espresso liqueur, Amaro Montenegro
Angostura and orange bitters

## SPECIALTY COCKTAILS

**Hair of the Dog** — 13
New Amsterdam vodka, Treeline pineapple habanero
bloody mix, Tajin rim

**Verde Bloody** ❄ — 14
New Amsterdam vodka, house-made Verde Bloody Mix

**Muddy Paw Mule** — 14
New Amsterdam vodka, apple cider, lemon, cinnamon, ginger beer

**Yellow Snow** — 14
New Amsterdam vodka, triple sec,
Red Bull Tropical Edition

**The Labra-Gin** — 14
Malfy limone gin, Jalisco orange liqueur, cranberry

## SODA

Pepsi, Diet Pepsi, Cherry Pepsi, Starry — 4

Mountain Dew, Lemonade, Iced Tea — 4

No split checks for parties of 5 or more

## HOT DRINKS
All served with whipped cream

**The Bavarian Pat Down** — 13
Peppermint schnapps, coffee liqueur, coffee, cinnamon

**Irish Wolf Hound** — 13
Jameson Irish whiskey, St. Brendan's Irish cream, coffee

**Sheep Dog** — 12
Peanut butter whiskey, coffee or hot chocolate

**Fire Hydrant** — 12
Fireball, hot cider

**German Shepherd** — 13
Malibu coconut rum, hot chocolate

**Spicy Chihuahua** — 13
Tequila, hot chocolate, house-made heat dust

## CANS

Odell IPA — 8
Coors Light — 7
Odell Lagerado — 7
Odell Blackberry Sour — 9
Stem Cider — 10
Wibby Volksbier Vienna Lager — 8
High Noon Vodka & Soda - Pineapple and Passionfruit — 9
Athletic Upside-Down Gold N/A — 8

## DRAFT BEER - 20 oz

Odell Hazer Tag — 12
Telluride Pilsner — 12
Wibby Moondoor Dunkel — 12
Modela — 12

## WINE ON TAP

**Dry Creek Chenin Blanc** — 12
Refreshing flavors of Meyer Lemon, Peach, Cucumber
with hints of geranium, white tea, and white pepper

**Seaglass Pinot Grigio** — 10
Crisp and clean with decadent flavors of ripe pear,
apple, and hints of tangerine

**Imagery Pinot Noir** — 12
Rich and Complex with soft tannins and enriched with
fruit notes of strawberry, cherry, and boysenberry

**The Crusher Petit Sirah** — 13
Deep and inky color with bold aromas of boysenberry,
blackberry, and fig jam with hints of juicy fruit flavors,
toasted hazelnut and baking spice notes.

## WINE BY THE GLASS OR BOTTLE

Campo Viejo Cava Brut — 10 | 35

**DOWNHILL DUKES**

Doghouse Favorites



## FOOD

### STARTERS

**Kaufhold's Dill Pickle Cheese Curds (V)** — 13
Wisconsin's favorite dill pickle flash fried curds w/ homemade ranch dressing

**Pretzel Bites (V)** — 12
Warm salted soft pretzel bits with cheddar queso
Add extra bites | 5

**Slopeside Nachos (V)** — 21
House tortilla chips, red beans, Pueblo chili cheddar queso, diced tomato, cheddar jack, avocado cilantro sauce, roasted tomato salsa, sour cream and cotija cheese
Add chicken | 7

**Basket of Dukes Fries (V)** — 10

**Buffalo Chicken Dip** — 20
Three Cheese blend, buffalo sauce, green onion, warm pita, house made tortilla chips, crudites

### SOUPS

**Smoked Brisket Chili** — Bowl 15
Classic chili medley of beans, tomatoes, corn, and hatch chilies

**DHD Soup of the Day** — Bowl 12

### SALAD

**DHD Winter Salad** — 15
Romaine, baby greens, grilled apples, shaved fennel, dried cranberries, candied pecans, gruyere cheese 8 crispy prosciutto ham, tossed in a toasted cumin vinaigrette
Add chicken | 7

### BRATS, DOGS & SANDWICHES

Served with DHD seasoned pub fries or potato salad,
**Substitute a side DHD winter salad -3.5**

**Smoked Elk Cheddar Jalapeno Bratwurst** — 16
Mildly spicy quarter pound brat, braised red cabbage, DHD grain mustard, artisan hoagie & pub fries

**Smoked German Bratwurst** — 16
Traditional quarter pound German pork and beef bratwurst, DHD grain mustard, Odell's beer braised caraway cabbage, artisan hoagie & pub fries

**Duke's Best in Show Burger** — 21
7 oz Colorado Natural Burger, cheddar, DHD 1000, lettuce, onion, tomato, toasted brioche & pub fries
With smoked bacon | 24

**Pastrami Rueben** — 18
Seared pastrami, DHD 1000, gruyere,
Odell's beer braised kraut, marble rye

**Duke's "Mac" & Cheese (V)** — 21
Potato gnocchi, house made beer cheese sauce, gruyere cheese, pretzel bread crumb
(Canont be made gluten free)
Add chicken | 7  -  Add smoked bacon | 3

**Duke's Short Rib** — 28
House braised short rib, parsnip puree,
roasted brussels sprouts, short rib demi

**Chicken Schnitzel** — 18
Fried chicken breast, roasted tomato caraway mayo, gruyere, braised red cabbage, arugula, bakeshop bun and pub fries

### KIDS MENU | 11

Comes with your choice of fries or applesauce and
choice of apple juice or fountain soda.

**Chicken Tenders** or **Burger** or **Cheeseburger** or **Nutella and Jam Sandwich**

### WHO'S A GOOD BOY? - DESSERT

**Warm Apple Crisp | 10**
With caramel anglaise and whipped cream

*CONSUMING RAW OR UNDERCOOKED MEATS, POULTRY, SEAFOOD, SHELLFISH, OR EGGS MAY INCREASE YOUR RISK OF FOODBORNE ILLNESS.
If you have an allergy, please notify your server. All prepared menu items may contain or have come into contact with
MILK, EGGS, PEANUTS, SOY, WHEAT, TREE NUTS, SESAME, SHELLFISH AND FISH. We cannot guarantee any prepared food is free from common allergens.*

(V)-Vegetarian

25.     When a customer arrives at Downhill Dukes, the host typically seats the customer at a table.  A server then provides the customer with a menu, which offers food and drinks at the price advertised on the menu.  If the customer decides to purchase any of POWDR's offered items, he places his order with the server, who then enters the order into a personal tablet.

26.     After the customer's order is taken, the server typically delivers the purchased items to the table.  After the customer is done eating his food and/or consuming his beverage, he typically asks to pay for the items he previously agreed to purchase.  The server will then use a personal tablet to charge the customer a total that includes the advertised price, plus POWDR's Copper Mountain Resort Surcharge, plus sales tax.  The customer then taps his card on the tablet, and thereafter, has the option to add a tip.

27.     POWDR does not give the customer a receipt.  Receipts are available only upon request:

[Receipt on Proceeding Page]



$21.35

Large Pretzel Bites $17.00

| | |
|---|---|
| Purchase Subtotal | $17.00 |
| Summit Co & CO State Tax (6.375%) | $1.16 |
| Copper Mtn Resort Surcharge (7%) | $1.19 |
| Tip | $2.00 |

| | |
|---|---|
| Total | $21.35 |

Downhill Duke's
182 Ski Area Access
Copper Mountain, CO 80443
(970) 968-3100

MasterCard 2432 (Contactless)

Feb 13
2025 at
12:09
PM
#xqvh
Auth
code:
07109Q

**Conoco**

28.     POWDR's false advertising is not limited to the food, beverage, and retail
outlets on Copper Mountain or at the base of Copper Mountain Resort.

29.     Across the highway from Copper Mountain Resort is a busy Conoco station at
the intersection of Interstate 70 and State Highway 91.  This is the only service station at this
major junction that connects travelers from eastern, western, and southern Colorado.  Attached
to the Conoco station is a Camp Hale Coffee.

30.     The Conoco station and attached Camp Hale Coffee are advertised to motorists
on Interstate 70 using permitted Colorado Department of Transportation business signs:

[Photograph on Proceeding Page]



31.     At the Conoco and attached Camp Hale Coffee, customers can purchase a variety of convenience store items, as well as food and beverages.

32.     Nowhere within the Conoco is there any mention of the Copper Mountain Resort Surcharge.  In fact, most customers would have no reason to believe they were shopping at a business owned or operated by POWDR or associated with Copper Mountain Resort.

33.     Pricing for items at the Conoco are advertised in the same way prices are advertised at any other gas station convenience store:

[Photograph on Proceeding Page]



34.     When a customer enters the Conoco convenience store, he will typically walk up to the refrigerators or shelves.  If he desires to purchase any goods offered at the advertised price, he retrieves the item and proceeds to the register.

35.     At the register, POWDR's cashier scans the selected goods.  The cashier then charges the customer a total that includes the advertised price, plus POWDR's Copper Mountain Resort Surcharge, plus sales tax.

36.     POWDR does not give the customer a receipt.  Receipts are available only upon request:

[Receipt on Proceeding Page]

```
COPPER MTN CONOCO
50 FRONTAGE ROAD
FRISCO          CO 80443


        02/13/2025 9:18:33 AM
    Register: 2 Trans #: 913 Op ID: 5
        Your cashier: Doug

Rockstar 16 Oz                $2.89 101
Old Trapper 2OZ Sticks        $4.69 101
                          ----------
              Subtotal =      $7.58
                     T =      $0.48
                   RSC =      $0.47
                          ----------
                 Total =      $8.53

            Change Due  =      $0.00

Debit                         $8.53
-------------------------------------
XXXXXXXXXXXXX4728 DEBIT
INVOICE: 091909
AUTH 00-029787 REF 0213091909643
US DEBIT
AID: A0000000980840
ARQC: OD9CF5C482CBB0AD
PIN VERIFIED
NO SIGNATURE REQUIRED
Maestro
DDA
Terminal Seq Num: 990896
SALE
Entry: CHIP
Batch: 98 Seq Num: 19
Term ID: 2
Workstation ID: 2
-------------------------------------


        Get it while it's cold!


Tell us about your visit for a
chance to win a fuel gift card!
Go to Gasfeedback.com

           Cardholder Copy
```

37.     The first and only time POWDR's Copper Mountain Resort Surcharge is referenced at the Conoco, if ever, is after an unknowing customer pays the total charge, and only if he thereafter requests a receipt.  And even then, POWDR's Copper Mountain Resort Surcharge is disguised as "RSC."

38.     POWDR's practice of advertising goods and services at prices lower than what it charges at the register, and imposing an undisclosed surcharge, is not limited to Aerie, Downhill Dukes, or Conoco.  This practice occurs at other food, beverage, and retail outlets at and around Copper Mountain Resort.

**POWDR Increases its Surcharge over Spring Break**

39.     Between February 13, 2025 and March 17, 2025, POWDR increased its Copper Mountain Resort Surcharge from seven percent (7%) to nine percent (9%).

40.     During this time, the peak spring break season began, during which thousands of families visit Copper Mountain Resort.  POWDR's retail sales peak during this busy season.

41.     After increasing its surcharge, POWDR never updated or changed its advertised menu prices.  For example, the prices advertised at Aerie, Downhill Dukes, and Conoco remained the same.

42.     After increasing its surcharge, POWDR never provided any new notice to the public that it had increased its surcharge, let alone that a surcharge was being assessed.

43.     The only way a customer would learn about the increased surcharge, let alone the surcharge at all, is if he asked for a receipt after paying for the goods or services, and thereafter scrutinized the subtotal price information.  Of course, by that time, the customer had previously agreed to purchase the goods or services and is locked into the sale.

[Receipt on Proceeding Page]

# AERIE

## Aerie Food Court

3045 A Road
Copper Mountain, CO
80443
(970) 968-2318
https://www.coppercolorado.com
@CopperMtn

March 17, 2025
12:44 PM
Jonathan

Receipt: xcO2
Authorization: 03785Q

CAPITAL ONE
AID A0 00 00 00 04 10 10

FOR HERE

| Spicy Chicken/FF | $22.00 |
|---|---|
| Subtotal | $22.00 |
| Copper Mtn Resort Surcharge (9%) | $1.98 |
| Summit Co & CO State Tax (6.375%) | $1.53 |
| **Total** | **$25.51** |
| Mastercard 2432 (Contactless) | $25.51 |

Now Hiring!
https://www.coppercolorado.com/culture
/jobs/employment-homepage

**POWDR's Copper Mountain Resort Surcharge**

44.     Unlike Summit County and/or Colorado State Sales Tax, the Copper Mountain Resort Surcharge is not a government-mandated tax, nor is it a government-imposed fee.

45.     The Copper Mountain Resort Surcharge is an additional revenue source POWDR uses to support its business operations and satisfy its private contractual obligations with affiliated entities and business partners.

46.     By advertising goods and services at prices up to nine percent (9%) less than the pre-tax total, assessing the surcharge on top of the advertised price of goods and services after the consumer agrees to purchase the goods or services, and/or failing to properly disclose the surcharge, POWDR is engaged in deceptive trade practices, including:

   a.     Advertising goods and services with intent not to sell them as advertised, C.R.S. § 6-1-105(1)(j);

   b.     Making false or misleading statements of fact concerning the price of goods or services, C.R.S. § 6-1-105(1)(l);

   c.     Employing "bait and switch" advertising, which is advertising accompanied by an effort to sell goods, services, or property other than those advertised or on terms other than those advertised and which is also accompanied by one or more of the following practices . . . Requiring tie-in sales or other undisclosed conditions to be met prior to selling the advertised goods, property, or services, C.R.S. § 6-1-105(1)(n)(III);

   d.     Failing to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter a transaction, C.R.S. § 6-1-105(1)(u);

   e.     Either knowingly or recklessly engaging in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice, C.R.S. § 6-1-105(1)(rrr); and/or

   f.     Engaging in other trade practices actionable at common law, C.R.S. § 6-1-105(3).

47.     POWDR knows that its advertised prices are lower than the prices it charges at the register, that its Copper Mountain Resort Surcharge is not properly disclosed, and/or that this practice misleads consumers.

48.    POWDR's Copper Mountain Resort Surcharge induces consumers into purchasing goods and services by falsely advertising those goods and services at lower prices than what is charged at the register.  POWDR's Copper Mountain Resort Surcharge has the capacity and tendency of deceiving consumers and restraining competition.

49.    POWDR's continuing (and increasing) deceptive trade practices have the effect of deceiving tens of thousands of consumers, if not more, each year, into believing the price advertised is the price they will pay at the register after they decide to purchase goods and services.  POWDR's continuing (and increasing) deceptive trade practices have significant potential to continue deceiving consumers in the future and restraining competition.

## PLAINTIFF'S ALLEGATIONS

50.    Plaintiff and the Putative Class incorporate the allegations stated above.

51.    On January 16, 2025, Plaintiff visited Camp Hale Coffee at Aerie.

52.    The menu advertised the price of a medium coffee at $4.50.  *See supra*, p. 13.

53.    Plaintiff ordered a medium coffee off the menu from the attendant.

54.    The attendant retrieved a medium-sized cup, filled it with coffee, and handed the cup to Plaintiff.

55.    Plaintiff presented a ski pass to the attendant to receive a 10% discount.

56.    Plaintiff tapped his credit card to pay.

57.    POWDR charged Plaintiff a total of $4.61.

58.    The attendant never offered Plaintiff his receipt.

59.    After Plaintiff paid for the coffee he had previously agreed to purchase, he reflected on the fact that he was supposed receive a 10% discount with the ski pass, but that the total price of the coffee, inclusive of tax, exceeded the advertised menu price of $4.50.

60.    Plaintiff thought this was strange, given that combined sales tax in Colorado is typically under 10%.  Indeed, combined Summit County & Colorado State sales tax is 6.375%.

61.     On February 4, 2025, Plaintiff returned to Camp Hale Coffee at Aerie.  He engaged in the same transaction stated above.  But this time, he proactively asked for his receipt after he paid.

62.     The receipt confirmed that, at the time of payment, POWDR increased the price by seven percent (7%) through the assessment of a Copper Mountain Resort Surcharge.

63.     Prior to ordering and agreeing to purchase his coffee on January 16, 2025, Plaintiff did not know, nor did he have any reason to know, that POWDR would assess a seven percent (7%) surcharge at the time of payment.

64.     On February 13, 2025, Plaintiff purchased a Rockstar energy drink at the Conoco at the intersection of Interstate 70 and Highway 91.  *See supra*, p. 24.

65.     After Plaintiff requested his receipt, he learned that POWDR's practice of imposing an undisclosed surcharge extended to the Conoco on the other side of the highway through the assessment of a seven percent (7%) "RSC."

66.      At the time of payment, Plaintiff was not aware that the surcharge he was assessed at Aerie was also being assessed across the highway at Conoco.

67.     Then, on March 17, 2025, Plaintiff returned to Camp Hale Coffee at Aerie and the Conoco at the intersection of Interstate 70 and State Highway 91.

68.     Plaintiff engaged in similar transactions stated above.

69.     After Plaintiff requested his receipts, he learned that POWDR had increased its undisclosed surcharge from seven percent (7%) to nine percent (9%).

70.     Prior to engaging in these subsequent transactions, Plaintiff did not know, nor did he have reason to know, that POWDR assessed an increased surcharge of nine percent (9%).

71.     POWDR deceived Plaintiff into purchasing goods, and paying more than the advertised price of the goods, on at least four separate occasions.

72.     Because of POWDR's false advertising and assessment of an undisclosed surcharge, Plaintiff was deceived into purchasing goods and services from POWDR and was deceived into paying more than the advertised price of sale.

73.     And as a result of the inconsistent and increasing nature of POWDR's false advertising and undisclosed surcharge, Plaintiff remains at risk of being deceived by POWDR in the future.

## CLASS ALLEGATIONS

74.     Plaintiff and the Putative Class incorporate the allegations stated above.

75.     POWDR's deceptive trade practices deceive tens of thousands of consumers, if not more, each year.

76.     Under Colorado law, evidence that a person has engaged in a deceptive trade practice shall be prima facie evidence of intent to injure competitors and to destroy or substantially lessen competition. *See* C.R.S. § 6-1-105(2).

77.     In addition to deceiving consumers about the actual price of goods and services, POWDR's deceptive trade practices injure its competitors, including neighboring restaurants and retailers in Summit County. When POWDR advertises its goods and services at prices up to approximately nine percent (9%) less than the actual price charged, consumers may be deceptively attracted to POWDR and away from its competitors under the false premise that POWDR offers a better value than the actual price charged.

78.     POWDR's deceptive trade practices need to stop. POWDR must be transparent with consumers about its pricing.

79.     In 2022, the Colorado General Assembly elected to strengthen the Colorado Consumer Protection Act by authorizing private attorneys general, through the class action mechanism, to bring enforcement actions to stop deceptive trade practices. *See* HB 22-1071 (adding C.R.S. § 6-1-113(2.9)).

80.     Plaintiff and the Putative Class will move the Court to certify that this Putative Class Action may be maintained as a Class Action pursuant to Rule 23(b)(2), and in turn, seek injunctive relief to ensure POWDR stops its deceptive trade practices.

81.     The Putative Class comprises actual and potential consumers of POWDR's food, beverage, and retail outlets whom POWDR has subjected to, and continues to subject to, false advertising as to the price of goods and services.

82.     Plaintiff and the Putative Class satisfy the prerequisites to be certified as a Class.

83.     **Numerosity – Rule 23(a)(1).** The Class Members are so numerous that joinder of all members is impracticable. The estimated number of class members is well in excess of 10,000 people.

84.     **Commonality – Rule 23(a)(2).** There are questions of law and fact that are common to the Putative Class. Questions of law and fact common to the Putative Class include, but are not limited to, whether POWDR is engaged in false advertising, and whether

POWDR's false advertising constitutes one or more deceptive trade practices under C.R.S. §§ 6-1-105(1)(j), (1)(l), (1)(n)(III), (1)(u), (1)(rrr), and/or (3).

85.    **Typicality – Rule 23(a)(3).**  Like other Putative Class Members, Plaintiff has been subjected to, and continues to be subjected to, false advertising by POWDR.  Plaintiff and Putative Class members have agreed to purchase goods and services from POWDR without prior knowledge that the advertised price would be inflated with a surcharge at the time of payment.  Plaintiff and Putative Class Members have made their purchases based on POWDR's false representations and the natural inference that the price advertised is the price they would be charged.  Plaintiff and Putative Class Members are likely to return to Copper Mountain Resort and make future purchases.  POWDR's deceptive trade practices are increasing and inconsistent in nature.  Plaintiff and each Putative Class Member have been and continue to be injured by POWDR's false representations about the true price of its goods and services.  Plaintiff's claims and the claims of Putative Class Members emanate from the same legal theory.  Plaintiff's claims are typical of the claims of the Putative Class, and therefore, class treatment is appropriate.

86.    **Adequacy – Rule 23(a)(4).**  Plaintiff is prepared to take all necessary steps to represent fairly and adequately the interests of the Putative Class.  Plaintiff's interests are coincident with, and not antagonistic to, those of the Putative Class Members.  Plaintiff is represented by hard-working and committed legal counsel with significant experience in civil litigation and Colorado's consumer protection laws.  Plaintiff and Counsel for Plaintiff and the Putative Class have invested significant time and resources conducting a thorough and comprehensive investigation into the law and facts that govern this case.  Plaintiff and Counsel for Plaintiff and the Putative Class are absolutely committed to representing the best interests of the Putative Class.

87.    **Injunctive Relief Appropriate – Rule 23(b)(2).**  POWDR has acted or refused to act on grounds generally applicable to the Putative Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Class as a whole.  Moreover, injunctive relief is expressly authorized by statute through C.R.S. § 6-1-113(2.9).  Members of the Putative Class are likely to return to Copper Mountain Resort and purchase goods and services from POWDR's retail outlets in the future.  POWDR's deceptive trade practices are increasing and inconsistent in nature.  For these countless consumers, there is no way to know the true price of POWDR's goods and services based on the prices POWDR advertises.  And as evidenced by POWDR's recent decision to increase its undisclosed surcharge from seven percent (7%) to nine percent (9%), there is no way to know whether POWDR will unilaterally modify its undisclosed surcharge or apply it consistently or inconsistently in the future.  Enjoining POWDR from engaging in deceptive trade practices is necessary to ensure consumers can make informed decisions when purchasing goods and services and that competition is not restrained.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract – Plaintiff)

88.     Plaintiff incorporates the allegations stated above.

89.     POWDR offered to sell Plaintiff goods at the prices advertised on its menus.

90.     Plaintiff accepted POWDR's offer by agreeing to purchase the goods at the prices advertised on its menus, exclusive of tax.

91.     These transactions were supported by valuable consideration, namely, the promise to pay the price advertised on POWDR's menus in exchange for the goods advertised.

92.     Plaintiff and POWDR entered into binding contracts.

93.     After POWDR delivered the ordered goods to Plaintiff and Plaintiff accepted the ordered goods from POWDR, POWDR charged and collected from Plaintiff more than the price advertised on its menus.

94.     POWDR caused Plaintiff damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101, et seq. – Plaintiff and the Putative Class)

95.     Plaintiff and the Putative Class incorporate the allegations stated above.

96.     By advertising goods and services at prices up to nine percent (9%) less than the pre-tax total, assessing the surcharge on top of the advertised price of goods and services after the consumer agrees to purchase the goods or services, and/or failing to properly disclose the surcharge, POWDR engaged in deceptive trade practices, including:

a.      Advertising goods and services with intent not to sell them as advertised, C.R.S. § 6-1-105(1)(j);

b.      Making false or misleading statements of fact concerning the price of goods or services, C.R.S. § 6-1-105(1)(l);

c.      Employing "bait and switch" advertising, which is advertising accompanied by an effort to sell goods, services, or property other than those advertised or on terms other than those advertised and which is also accompanied by one or more of the following practices . . . Requiring tie-in sales or other undisclosed conditions to be met prior to

selling the advertised goods, property, or services, C.R.S. § 6-1-105(1)(n)(III);

d.    Failing to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter a transaction, C.R.S. § 6-1-105(1)(u);

e.    Either knowingly or recklessly engaging in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice, C.R.S. § 6-1-105(1)(rrr); and/or

f.    Engaging in other trade practices actionable at common law, C.R.S. § 6-1-105(3).

97.    POWDR knows that its advertised prices are lower than the prices it charges at the register, that the surcharge is not properly disclosed, and/or that this practice misleads consumers.

98.    POWDR's surcharge induces consumers into purchasing goods and services by falsely advertising those goods and services at lower prices than what it charges at the register. POWDR's surcharge has the capacity and tendency of deceiving consumers and restraining competition.

99.    POWDR's deceptive trade practices occur in the course of POWDR's business.

100.    POWDR's deceptive trade practices significantly impact the public as actual and/or potential consumers of POWDR's goods and services. POWDR's continuing, and increasing, deceptive trade practices have the effect of deceiving tens of thousands of consumers, if not more, each year, into believing the price advertised is the price they will pay at the register after they decide to purchase the goods and services. POWDR's continuing, and increasing, deceptive trade practices have significant potential to continue deceiving consumers in the future and restraining competition.

101.    Plaintiff and the Putative Class are actual and potential consumers of POWDR's goods and services.

102.    POWDR's deceptive trade practices have caused and will continue to cause actual injuries and losses to Plaintiff and the Putative Class. Because of POWDR's deceptive trade practices, Plaintiff and the Putative Class have been and continue to be deceived into purchasing goods and services from POWDR and have been and continue to be deceived into paying more than the advertised price of sale. And because of the inconsistent and increasing nature of POWDR's deceptive trade practices, Plaintiff and the Putative Class remain at risk of being deceived by POWDR in the future.

103.    POWDR is violating the Colorado Consumer Protection Act.

104.    Pursuant to C.R.S. §§ 6-1-113(2)(a)(II) and (2)(b), POWDR is liable to Plaintiff for his statutory damages in the amount of $500.00, and for reasonable attorney fees and costs.

105.    Pursuant to C.R.S. § 6-1-113(2.9), and through Rule 23(b)(2), Plaintiff and the Putative Class are entitled to injunctive relief allowed by law and reasonable attorney fees and costs.  Plaintiff and the Putative Class respectfully request this Court enjoin POWDR from engaging in its deceptive trade practices.

## DEMAND FOR RELIEF

Plaintiff Gary Chaney respectfully requests the Court enter judgment in his favor and against Defendant Powdr – Copper Mountain LLC, and award him his damages, as well as reasonable attorney fees and costs.  Plaintiff and the Putative Class further request that, upon motion by Plaintiff and the Putative Class, the Court certify the Class pursuant to Rule 23(b)(2), enter judgment in favor of the Class and against POWDR, and order injunctive relief, including corresponding declaratory relief, service awards, reasonable attorney fees, and costs.

## PLAINTIFF AND THE PUTATIVE CLASS DEMAND A TRIAL BY JURY

Respectfully submitted May 12, 2025.

HENNESSY KRUSE LLP                          HENNESSY KRUSE LLP

*/s/ Mirko L. Kruse*                              */s/ Stephen H. Hennessy*
Mirko L. Kruse, Esq.                             Stephen H. Hennessy, Esq.

*Counsel for Plaintiff and the Putative Class*       *Counsel for Plaintiff and the Putative Class*