IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01860-GPG-TPO

GARY CHANEY, on behalf of himself and all others similarly situated

Plaintiff,

v.

POWDR – COPPER MOUNTAIN LLC

Defendant.

## DEFENDANT'S MOTION TO BIFURCATE DISCOVERY

Defendant Powdr-Copper Mountain L.L.C. ("Copper Mountain"), by and through undersigned counsel, respectfully moves the Court for an Order bifurcating discovery in this putative class action. In support, Copper Mountain states as follows:

### D.C.COLO.LCivR 7.1 CERTIFICATION

Counsel for Copper Mountain conferred with counsel for Plaintiff regarding the substance of this Motion. Plaintiff and the Putative Class oppose the relief requested herein.

### INTRODUCTION

This is an individual and putative class action brought by Plaintiff Gary Chaney against Copper Mountain for alleged violation of the Colorado Consumer Protection Act ("CCPA") and breach of contract arising from certain charges for purchases made by Chaney at retail and food outlets at the Copper Mountain resort. Copper Mountain has filed a motion to dismiss asserting that Chaney's individual claims are barred by his

execution of an express waiver and, even if his individual claims are not barred in their entirety, Chaney lacks standing to represent or assert class claims based on his express waiver. The arguments raised by Copper Mountain in its motion to dismiss place the viability of Chaney's claims—both individual and representative—squarely into question. The threshold questions raised in Copper Mountain's motion to dismiss—Chaney's waiver of his individual claims and Chaney's waiver of his ability to represent or assert class claims—should be decided prior to the parties engaging in costly and burdensome discovery concerning the elements of Chaney's individual claims for breach of contract and violation of the CCPA, any of Copper Mountain's other defenses, or class discovery necessary to determine whether Chaney can satisfy the requirements for class certification. Therefore, to facilitate the just, efficient, and inexpensive resolution of this case, Copper Mountain seeks an order from this Court bifurcating discovery to allow discovery related to Chaney's purchase of an IKON Pass and execution of waivers to proceed now and allowing all other discovery related to Chaney's individual claims or class discovery to proceed only if and when the Court decides that (1) Chaney has not waived his individual claims, and (2) Chaney has standing to pursue class claims. Presumably, that would be until the Court rules on Copper Mountain's pending motion to dismiss or, if that motion is denied due to factual issues, until after discovery is taken regarding Chaney's execution of the waivers and such claims survive summary judgment.

**ARGUMENT**

**I.     Legal Standard**

Federal Rule of Civil Procedure 42(b) allows for bifurcation of discovery "[f]or convenience, to avoid prejudice, or to expedite and economize" proceedings. In the context of putative class actions, courts consider four factors in deciding whether to bifurcate discovery: (1) overlap between individual and class discovery; (2) whether bifurcation will promote Rule 23's requirement that class certification be decided at "an early practicable time;" (3) judicial economy; and (4) the potential prejudice from the grant or denial of class discovery. *See Ragsdale v. Harmony Leads, Inc.*, Case No. 1:24-cv-02510-CNS-SBP, 2025 WL 1617233, at *1 (D. Colo. May 9, 2025) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 1:22-cv-02226, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). Ultimately, this Court's decision on whether to bifurcate discovery in a class action is purely discretionary. *See id.* (citing *Klassen v. SolidQuote LLC*, Case No. 23-cv-00318-GPG-NRN, 2023 WL 5497865, at *2 (D. Colo. Aug. 23, 2023)); *Crawford-El v. Britton*, U.S. 574, 598-99 (1998) (Trial judges are "vested with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").

**II.    Discovery Should First Proceed Only as to Chaney's Purchase of an IKON Pass and Execution of Related Waivers**

Whether Chaney waived his claims for relief against Copper Mountain, and whether Chaney has standing to pursue claims as a plaintiff on behalf of the putative class, are threshold issues that can and should be decided prior to the parties commencing time-consuming, burdensome, costly, and potentially unnecessary

3

discovery regarding the elements of Chaney's individual claims, Copper Mountain's other defenses, or class wide discovery in this case. As articulated in Copper Mountain's Motion to Dismiss and Reply, Chaney's individual claims are barred by the express terms of the parties' agreement. *See generally* Doc. 13 & Doc. 25. If the Court agrees, then his putative claims also must be dismissed. *See* Fed. R. Civ. P. 23(a). And even if Chaney's individual claims are not barred in their entirety, Chaney expressly waived the right to bring any claim as a plaintiff or class member in a class, consolidated, or representative action, and thus, his putative class claims also fail as a matter of law for this independent reason. Doc. 13 at 10-11; Doc. 25 at 4-9. The preliminary legal questions raised by Copper Mountain in its Motion to Dismiss will be decided by the Court in due course and may resolve all claims in their entirety or, at a minimum, eliminate all putative class claims. Under either scenario, class discovery would be rendered a nullity.

Copper Mountain should not have to bear the burden and expense of full discovery on the elements of Chaney's individual claims, Copper Mountain's other defenses, or class wide discovery which all very well could prove to be unnecessary. Instead, the parties should first focus on the enforceability of Chaney's express waivers that may bar Chaney's individual and class claims before proceeding with any other costly, time-consuming, and burdensome discovery. This approach will further the just, speedy, and inexpensive resolution of this case by allowing prompt discovery with respect to Chaney's execution of his express waivers to proceed and not delay resolution of this matter, while also preventing unnecessary, burdensome, and costly other discovery prior to the Court deciding whether Chaney has a right to do so.

Under circumstances like those present here, courts routinely bifurcate discovery to avoid costly and burdensome discovery until the threshold issues have been decided. *See Ragsdale v. Harmony Leads, Inc.*, Case No. 1:24-cv-02510-CNS-SBP, 2025 WL 1617233, at *1 (D. Colo. May 9, 2025) (finding that "the most expeditious course is to limit discovery to those individual claims before authorizing discovery on the putative class claims" because of the existence of "discrete, narrow issues which may dispose of Plaintiffs' individual claims"); *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 1:22-cv-02226, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023) (finding "that bifurcation of discovery to first address the individual liability claims, and then to entertain possible summary judgment motion practice on Plaintiffs' individual claims, prior to class action discovery, is appropriate"); *Boulter v. Noble Energy, Inc.*, 1:20-cv-00861, 2020 WL 13568320, at *4 (D. Colo. Nov. 16, 2020) (finding that "[r]eaching the merits of Plaintiffs' claims before proceeding to discovery regarding the proposed class and damages balances the twin considerations of allowing Plaintiffs' lawsuit to proceed to discovery while doing so in the most efficient way for all parties" and granting bifurcation of discovery); *Fania v. Kin Ins., Inc.*, No. 22-12354, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (recognizing that "the need for class discovery may be eliminated if [defendant] is able to demonstrate that [plaintiff] … lacks a viable individual claim" and finding that "bifurcating discovery into plaintiff specific and class wide phases is the most efficient way to proceed" where "narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery") (internal quotations and citation omitted); *Newell v. Aliera Healthcare, Inc.*, No. 1:19-cv-01489, 2020 WL 13568762, at *2 (N.D. Ga. Apr. 6, 2020)

5

(finding bifurcation appropriate because allowing "targeted discovery" concerning a dispositive issue (consent in the context of a TCPA claim) "has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery") (internal quotations and citation omitted).

Furthermore, on balance, the four factors considered by courts in determining whether to bifurcate discovery weigh in favor of bifurcation here.

*First*, unlike in *Klassen v. Solidquote* LLC, where Judge Neureiter found that merits and class discovery would be "closely intertwined," there is no risk of overlap here because Copper Mountain is proposing that discovery be limited to Chaney's purchase of an IKON Pass and the enforceability of his express waivers, saving any other discovery until after the Court decides this threshold issue. 2023 WL 5497865, at *6.

*Second*, bifurcation would promote Rule 23's requirement that class certification be decided at "an early practicable time" because once the threshold issues of waiver and standing addressed in Copper Mountain's motion to dismiss have been decided, there may be no class certification at all and Copper Mountain is agreeable to allowing such individual discovery to be conducted quickly to expedite this stage so that all other discovery and class certification, if necessary, can also be promptly decided.

*Third*, bifurcating discovery in this case would promote judicial economy by reducing the burden and expense on this Court by allowing narrow discovery to proceed while also limiting the potential for discovery disputes and other motions practice until after the Court determines whether Chaney's claims can proceed.

*Fourth*, the potential prejudice to Copper Mountain in having to undergo timely, expensive, burdensome, and potentially unnecessary discovery certainly outweighs any potential prejudice to Chaney given that he will still be permitted to proceed with discovery as to threshold issues of waiver and standing and will be able to pursue other discovery if the Court ultimately decides that his claims are not barred by the parties' agreement.

Just like in *Ragsdale*, this case presents "discrete, narrow issues which may dispose of [Chaney's] individual claims…." 2025 WL 1617233, at *2. As such, this Court should conclude, like Judge Prose did in *Ragsdale*, "that the most expeditious course is to limit discovery to those individual claims before authorizing discovery on the putative class claims." *Id.* "Doing so will save the resources of the parties and the [C]ourt in the event that [Chaney's] individual claims are dismissed." *Id.* And, since Copper Mountain is willing to move forward with narrowly tailored discovery quickly, this case can continue to progress, minimizing any alleged prejudice to Chaney of the alleged putative class.

## **CONCLUSION**

For the foregoing reasons, the Court should order that discovery be bifurcated in this case. Specifically, the Court should first allow discovery only as to Chaney's purchase of an IKON Pass and the enforceability of his express waivers until the Court rules on Copper Mountain's pending motion to dismiss or, if that motion is denied due to factual issues, until after discovery is taken regarding Chaney's execution of the waivers and such claims survive summary judgment.

///

7

DATED: October 17, 2025.

/s/ Cameron J. Cutler
Ellie Lockwood
SNELL & WILMER L.L.P.
675 15th Street, Suite 2500
Denver, Colorado 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020
E-mail: elockwood@swlaw.com

Matthew L. Lalli
Cameron J. Cutler
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1547
Telephone: (801) 257-1900
E-mail: mlalli@swlaw.com;
ccutler@swlaw.com

**Attorneys for Defendant Powdr – Copper Mountain LLC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on October 17, 2025, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO BIFURCATE DISCOVERY** was electronically filed via CM/ECF and on the following:

Mirko L. Kruse
HENNESSY KRUSE LLP
134 F Street, Suite 203
Salida, CO 81201
Telephone: (719) 563-4366
E-mail: mkruse@hennessykruse.com

Stephen H. Hennessy
HENNESSY KRUSE LLP
4450 Arapahoe Avenue, Suite 100
Boulder, CO 80303
Telephone: (303) 630-9169
E-mail: shennessy@hennessykruse.com

***Attorneys for Plaintiff and the Putative Class***

                                      */s/ Nissa Riley*
                                      for Snell & Wilmer L.L.P.